**Elisjah TJONDROWALUYO; Vinsensius Blanteran Rosari, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–70304.

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Feb. 15, 2011.*

Filed March 8, 2011.

Joel Spence, Law Offices of Joel Spence, Huntington Park, CA, for Petitioners.

Elisjah Tjondrowaluyo, Winnetka, CA, pro se.

Vinsensius Blanteran Rosari, Winnetka, CA, pro se.

Rebecca Ariel Hoffberg, Esquire, OIL, Jonathan Aaron Robbins, Esquire, Carol Federighi, Esquire, Senior Litigation Counsel, DOJ–U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

MEMORANDUM **

Elisjah Tjondrowaluyo and Vinsensius Blanteran Rosari, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir.2009). We deny in part and grant in part the petition for review, and we remand.

The record does not compel the conclusion that Tjondrowaluyo established extraordinary circumstances sufficient to excuse her delay in filing her asylum application. *See* 8 C.F.R. § 1208.4(a)(5); *Toj–Culpatan v. Holder*, 612 F.3d 1088, 1090–92 (9th Cir.2010) (per curiam). Accordingly, petitioners' asylum claim fails.

The BIA found that, even assuming Tjondrowaluyo was credible and had established past persecution on account of her Chinese ethnicity and Christian religion, changed country conditions in Indonesia rebutted the presumption of a clear probability of persecution. In reaching this conclusion, the BIA did not apply the disfavored group analysis set forth in *Sael v. Ashcroft*, 386 F.3d 922, 927–29 (9th Cir.2004). In light of our recent decisions in *Wakkary*, 558 F.3d at 1064–65 and *Tampubolon v. Holder*, 610 F.3d 1056, 1062 (9th Cir.2010), we remand for the BIA to assess Tjondrowaluyo's withholding of removal claim under the disfavored group analysis in the first instance. *See Wakkary*, 558 F.3d at 1067; *see also INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.